Edward **ALMADA**, husband;  Mary Almada, wife, Plaintiffs–Appellants,

v.

**ALLSTATE INSURANCE COMPANY,** a foreign corp., Defendant–Appellee.

No. 00–16115.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Filed March 26, 2002.

Karl MacOmber, Russo, Cox & Russo, P.C., Tucson, AZ, for the plaintiffs-appellants.

Bennett Evan Cooper, Steptoe & Johnson LLP, Phoenix, AZ, for the defendant-appellee.

Before CANBY, JR., GRABER, and PAEZ, Circuit Judges.

## OPINION

CANBY, Circuit Judge.

Plaintiff Edward Almada brought this action in Arizona state court against Allstate Insurance Company, alleging that Allstate breached his contract of employment by discharging him for alleged sexual harassment.[1] Allstate removed the case to the federal district court on the ground of diversity of citizenship. *See* 28 U.S.C. §§ 1332, 1441. The district court granted summary judgment for Allstate, in part on the ground that there was no genuine dispute of fact that Almada was an at-will employee who could be terminated without cause. We affirm.

### Factual Background

In 1967, Allstate hired Almada and entered into an Allstate Agent Compensation Agreement ["Agreement"] with him. The Agreement provided in part:

> Either you or Allstate have the right to terminate this agreement upon mailing to the other, at his or its last known address, written notice of termination....
>
> * * * *
>
> This document contains the whole agreement between you and Allstate and it shall not be altered or amended except by an agreement in writing signed by you and by Allstate's authorized manager.

In October 1996, two of Almada's former secretaries alleged that Almada had sexually harassed them. Almada denied the allegations and Allstate commenced an investigation. After investigating the allegations and interviewing the parties, Allstate Corporate Security concluded that Almada had made unwelcome advances and had sexually harassed his former secretaries. Allstate terminated Almada's employment in January 1997.

Almada appealed the termination to a review board.[2] The board concluded, by a vote of four to one, that the termination should stand. Allstate's president followed the recommendation of the board, and Almada was notified in February 1997 that his termination would stand.

Almada then brought this action. The district court granted summary judgment for Allstate, holding that Almada was an at-will employee and that he had failed to raise a genuine dispute of fact on that point. As an alternative ground for its ruling, the district court also held that, even if Almada could be terminated only

---

1. Edward Almada's wife Mary Almada is also a plaintiff; her claim is derivative of Edward Almada's claim against Allstate. For purposes of this opinion, we refer to Edward Almada as if he were the sole plaintiff.

2. The review board was composed of five members, two of whom were sales agents selected by Almada. The review board recommends action to Allstate's president.

for cause, that standard was met if Allstate believed in good faith that Almada had committed sexual harassment; it was not necessary that he actually had done so. The court determined that there was no genuine issue of fact that Allstate believed in good faith that Almada had committed sexual harassment and that it had conducted a reasonable investigation to support that belief. Almada now appeals.

## Discussion

■ We review de novo the district court's grant of summary judgment. *Delta Savings Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 816, 151 L.Ed.2d 700 (2002). In determining whether there are genuine issues of fact requiring trial, we view the evidence in the light most favorable to Almada, the non-moving party. *See id.*

■ There is no question that Almada was originally hired as an at-will employee. The written employment agreement makes clear that Almada was an at-will employee and that the agreement was the "whole agreement" between the parties.[3] The employment agreement was modified in writing on several occasions, without any change in the at-will provision.

■ It is true, as Almada asserts, that at-will employment can be modified by provisions in an employee manual. *See Wagenseller v. Scottsdale Mem'l Hosp.,* 147 Ariz. 370, 710 P.2d 1025, 1036–38 (1985), *superseded on other grounds by statute, Ariz.Rev.Stat. § 23–1501, et seq.; Leikvold v. Valley View Cmty. Hosp.,* 141 Ariz. 544, 688 P.2d 170, 173 (1984), *superseded on other grounds by statute, Ariz.*

*Rev.Stat. § 23–1501, et seq.* As the district court pointed out, however, Allstate's employee manual contained a prominent disclaimer that the manual was "not a statement of contractual rights" and that employment at Allstate was "terminable at the will of either Allstate or an employee with or without notice and with or without cause." In the face of this clear disclaimer, no reasonable trier of fact could conclude that the manual modified the provisions of Almada's at-will contract. *Leikvold,* 688 P.2d at 174 ("[I]ssuing [a personnel manual] with clear language of limitation[ ] instill[s] no reasonable expectations of job security and do[es] not give employees any reason to rely on representations in the manual."); *accord Chambers v. Valley Nat'l Bank of Ariz.,* 721 F.Supp. 1128, 1131 (D.Ariz.1988) (quoting *Leikvold* ).

■ Almada contends that Allstate did not provide him with the manual's disclaimer in response to discovery requests, but the record does not support his contention. He also argues that the district court improperly considered the disclaimer because it was not presented in Allstate's moving papers with a proper foundation, but was offered only with Allstate's reply brief prior to the summary judgment hearing. Almada failed to object, however, to the disclaimer at any time prior to the entry of summary judgment, and raised the issue only in a purported motion for new trial. The district court did not abuse its discretion in declining to entertain the belated objection. *See 389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999) (amended opinion).

---

3. We do not rely on the provision of the Employment Agreement stating that the agreement could be modified only in writing. Arizona recognizes that even written agreements containing such a provision may be subject to oral modification. *See Phoenix Orthopaedic Surgeons, Ltd. v. Peairs,* 164 Ariz. 54, 790 P.2d 752, 755–56 (1989), *disapproved on other grounds by Valley Med. Specialists v. Farber,* 194 Ariz. 363, 982 P.2d 1277 (1999).

### Conclusion

Almada has not presented evidence raising a genuine issue of material fact concerning his at-will employment status. Allstate therefore could discharge him without cause. Because we uphold the summary judgment on this ground, we do not address, and express no opinion regarding, the ruling of the district court that good faith rather than actual guilt is the appropriate standard of cause for discharge under Arizona law.

The judgment of the district court is

**AFFIRMED.**